```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ADAN MURILLO,

                    Petitioner,
                                          MEMORANDUM & ORDER
          -against-                       09-CV-5539(JS)

WILLIAM LEE, Superintendent of
Green Haven Correctional Facility,

                    Respondent.
----------------------------------X
APPEARANCES
For Petitioner:    Adan Murillo, pro se
                   06A3839
                   Green Haven Correctional Facility
                   P.O. Box 4000
                   Stormville, NY 12582

For Respondent:    Cristin N. Connell, Esq.
                   Nassau County District Attorney's Office
                   262 Old Country Road
                   Mineola, NY 11501
```

SEYBERT, District Judge:

  Adan Murillo ("Petitioner") petitions this Court pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, his Petition is DENIED.

BACKGROUND

  On May 5, 2006, Petitioner pleaded guilty to Murder in the Second Degree in violation of New York Penal Law § 12.25(2).[1]

---

[1] Although Petitioner reads and writes English, his plea was made in the presence of a Spanish interpreter. (Plea Tr. at 2:9-10.) The interpreter noted that if Petitioner did not understand, Petitioner would inform the interpreter. (Plea Tr. at 2:18-19.) The interpreter translated the court's summary of the indictment against him. (Plea Tr. at 7:16-8:13.) After the interpreter

(Plea Tr. at 15:15-23.)  On June 8, 2006, Petitioner was sentenced to fifteen years-to-life in prison.  (Sentencing Tr. at 9:16-23.)

Petitioner appealed the judgment to the Appellate Division, Second Department, which assigned counsel to represent Petitioner.  (See, e.g., Appellant's Br. at i-iii, Docket Entry 5-4[2].)  Counsel argued that Petitioner had no valid issues to raise on appeal and asked permission to withdraw.  (Appellants Br. at 16.)  On February 26, 2008, the Appellate Division affirmed the judgment, agreed with counsel's contention that the appeal lacked non-frivolous grounds, and granted counsel's application to withdraw.  People v. Murillo, 48 A.D.3d 833, 851 N.Y.S.2d 364 (N.Y. App. Div. 2d Dep't 2008).  Petitioner applied for leave to appeal to the New York Court of Appeals, which denied the application on August 8, 2006.  People v. Murillo, 11 N.Y.3d 739, 864 N.Y.S.2d 398, 894 N.E.2d 662 (N.Y. 2008).

On May 13, 2009, Petitioner filed a motion to vacate, pursuant to New York Criminal Procedure Law § 440.10(1)(h), in County Court, Nassau County.  (See Resp't's Resp., Docket Entry 5-8.)  On August 3, 2009, the County Court denied Petitioner's motion.  (See Decision & Order, Docket Entry 5-11.)  The County

---

interpreted the court's words, Petitioner affirmed that he understood those charges. (Plea Tr. at 8:11-13.)

[2] Docket Entry numbers reflect those printed on the top of each page supplied by the Electronic Case Filing System.

Court held that "[Petitioner] has not provided any proof that his attorney did not properly explain the plea offer and sentence exposure." (Decision & Order, Docket Entry 5-11 at 1.)

On August 21, 2009, Petitioner filed a notice of motion for leave to appeal to the Appellate Division, Second Department, which the Appellate Division denied. (See Resp't's Resp., Docket Entry 12; see also Resp't's Reply in Opp'n, Docket Entry 9 at vi.) On December 2, 2009, Petitioner filed the pending Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3]

## DISCUSSION

I.  Legal Standard

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, --- U.S. ----, 131 S. Ct. 770, 780, 178 L. Ed. 2d 624 (2011).

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

---

[3] When the Appellate Division denied Petitioner's motion on March 25, 2010, Petitioner's claim because fully exhausted and the Petition became ripe for review by this Court. (See Elec. Order, August 3, 2013.)

3

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(a).

A federal court may grant a writ of habeas corpus to a state prisoner when prior state adjudication of the prisoner's case "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. at § 2254(d)(1). "This is [] 'difficult to meet,' [] and [a] 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt[.]'" Cullen v. Pinholster, --- U.S. ----, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (quoting Harrington, 131 S. Ct. at 786; Woodford v. Visciotti, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002)).

During a review of a petition for a writ of habeas corpus, federal courts presume that the state court's factual determinations are correct. See 28 U.S.C. § 2254(e)(1).

Furthermore, a state prisoner seeking federal habeas review of his state conviction is required to first exhaust all remedies available to him in state court. See id. at § 2254(b)(1)(A). "Exhaustion requires a petitioner fairly to present the federal claim in state court." Jones v. Keane, 329 F.3d 290, 294 (2d Cir. 2003). Presentation means a petitioner "has informed

4

the State court of both the factual and the legal premises of the claim he asserts in Federal court." Id. at 295 (internal quotation marks and citations omitted).

II. The Petition

Petitioner argues that he was denied his constitutional right to effective assistance of counsel as to the plea offer. (Pet. ¶ 13.)[4] Petitioner claims specifically that, three weeks after his arrest, his attorney informed him that the prosecution was offering twenty years imprisonment if Petitioner pleaded guilty. (Pet. ¶ 13.) According to the Petition, counsel failed to explain "the pros and cons" of accepting or rejecting the offer. (Pet. ¶ 13.) Petitioner further maintains that, because his attorney failed to do so, he rejected the offer and, therefore had to accept a tougher plea bargain offer one year later. (Pet. ¶ 13.)

    A.    Ineffective Assistance of Counsel

        1.    Standard

"Since Gideon v. Wainwright[], it has been clear that a defendant pleading guilty to a felony charge has a federal right to

---

[4] Petitioner did not file a supporting memorandum with his Petition. Rather, his argument is contained solely within the Petition. To elucidate Petitioner's argument, the Court reviewed his appellant briefs. (See Pet'r's Mot. to Vacate, Docket Entry 5-8; Pet'r's Reply to Resp't's Resp. to Mot. to Vacate, Docket Entry 7; and Resp't's Resp. to Pet., Docket Entry 9.

5

the assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970) (citing Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); White v. Maryland, 373 U.S. 59, 83 S. Ct. 1050, 10 L. Ed. 2d 193 (1963); Arsenault v. Massachusetts, 393 U.S. 5, 89 S. Ct. 35, 21 L. Ed. 2d 5 (1968)). "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." Id. (citing Reece v. Georgia, 350 U.S. 85, 90, 76 S. Ct. 167, 100 L. Ed. 77 (1955); Glasser v. United States, 315 U.S. 60, 69-70, 62 S. Ct. 457, 86 L. Ed. 680 (1942); Avery v. Alabama, 308 U.S. 444, 446, 60 S. Ct. 321, 84 L. Ed. 377 (1940); Powell v. Alabama, 287 U.S. 45, 57, 53 S. Ct. 55, 77 L. Ed. 158 (1932)).

"[T]he proper standard for attorney performance is that of reasonably effective assistance[;] . . . the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688.

> Representation of a criminal defendant entails certain basic duties. Counsel's function is to assist the defendant, and hence counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest . . . . Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a

6

reliable adversarial testing process.

Id.

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). The Court reviews competency challenges as to guilty pleas under the same Strickland standard. See Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).[5]

As to habeas review,

> [t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application

---

[5] "In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence" set forth in McMann. Hill, 474 U.S. at 58 (citing McMann, 397 U.S. 759). Under McMann, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." McMann, 397 U.S. at 771. The prejudice requirement, as to guilty pleas, requires a petitioner to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

7

> of federal law is different from an *incorrect* application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.

Harrington, 131 S. Ct. at 785-86 (internal quotation marks and citation omitted) (emphasis in original). Thus, on habeas review, the federal court simply must determine whether the state court's Strickland analysis was reasonable. Id. at 785.

"In the absence of special circumstances, the validity of a plea of guilty is determined by reference to whether it was intelligent and voluntary." Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988) (citing Brady v. United States, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)).

> As a general matter, a plea is deemed "intelligent" if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed "voluntary" if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.

Id. (citing Brady, 397 U.S. at 750).

2. Analysis

Petitioner argues his trial counsel failed to effectively assist him in weighing whether or not to accept the prosecution's

8

twenty-year plea bargain offer. The court transcript belies Petitioner's contention.

In the presence of a Spanish interpreter (Plea Tr. 2:9-10), the court asked Petitioner if he had "completely discussed the facts of [his] case with [his] attorney". (Plea Tr. 3:25-4:1.) Petitioner answered "yes". (Id. at 4:2.) The court asked Petitioner if he had "enough time to speak with [his] attorney before pleading guilty." (Id. at 4:23-24.) Petitioner answered "yes". Id. at 4:25. When asked if Petitioner was "satisfied with the manner in which [his] attorney has represented [him]", Petitioner again answered "yes". (Id. at 5:1-3.) When the court noted that Petitioner had been under oath, the court asked Petitioner if everything Petitioner said at the court appearance had been true, Petitioner answered affirmatively. (Id. at 14:22-15:2.)

Petitioner testified, under oath, that he was satisfied with his counsel's representation. Petitioner later affirmed this statement. At no time before or during this court appearance did Petitioner express reservations about his attorney's performance. During his sentencing, when given the opportunity to speak, Petitioner did not express reservations about his attorney.

Petitioner argues that, when asked about his counsel's representation, Petitioner thought the court "meant whether

9

[Petitioner] was satisfied with the manner in which counsel represented his client in preparation for the plea allocution and not the overall representation . . . ." (Pet'r's Reply Br. at 2, Docket Entry 5-10.) The trial court's words connoted overall representation--the court did not qualify the question. Moreover, as noted, even if Petitioner believed otherwise, Petitioner could have used that opportunity to distinguish between his counsel's differing levels of effectiveness. Most importantly, Petitioner offers no evidence to counteract his own testimony. The County Court held identically. The Court finds, therefore, that the County Court's holding on this issue was reasonable and was neither contrary to, nor an unreasonable application of, clearly established Federal law. 28 U.S.C. § 2254(d)(1); see also Cullen, 131 S. Ct. at 1398.

## CONCLUSION

For the reasons set forth above, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  27 , 2014
       Central Islip, NY